UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THORN A. FULFORD,

        Plaintiff,

v.                                           Case No. 3:23-cv-414-BJD-LLL

HANNAH KILGO and
INMATE TYSON,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Thorn A. Fulford, a pretrial detainee at the Columbia County Detention Facility, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1). He seeks to proceed *in forma pauperis* (Docs. 2, 6). Before the Court is Plaintiff's amended complaint (Doc. 5; Am. Compl.). Plaintiff alleges an inmate "trustee" threw a food tray at him as "directed by Sheriff deputy Hannah Kilgo." Am. Compl. at 5, 7, 12. Plaintiff explains that he dropped his dinner tray out of the flap in his cell door, and when Inmate Tyson asked Defendant Kilgo what he should do with the tray, Kilgo responded, "throw the tray at [Plaintiff]." *Id.* at 12. Thus, Inmate Tyson opened the food flap and threw the tray at Plaintiff, striking him, causing "bruising" for which Plaintiff was not "offered any medical attention." *Id.* at 5, 12. As

relief, Plaintiff seeks compensatory damages and for Kilgo's employment to be terminated. *Id.* at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)

2

(quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. Typically, a private citizen, such as an inmate, does not act "under the color of state law." *See Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021) ("The requirement that the deprivation be made 'under color of state law' means that the deprivation must be made by a state actor."). In some circumstances, a private actor can be deemed a "state actor" if he reached an agreement or conspired with a state actor to violate another person's constitutional rights. *See id.* at 696 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)). *See also Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1285 (11th Cir. 2002) ("[S]ection 1983 does not afford a remedy against a private person unless that person is shown to have conspired with one or more state actors."). Under § 1983, to allege a conspiracy, a plaintiff must allege the relevant "actors . . . reached an understanding to violate [his] rights." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (internal quotation marks omitted).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S.

at 678. The individual Plaintiff alleges caused him harm, Inmate Tyson, is not a "state actor," and Plaintiff does not allege facts demonstrating Tyson and Defendant Kilgo (who is a state actor) "reached an understanding" to violate his constitutional rights. *See Harvey*, 949 F.2d at 1133. Plaintiff merely alleges Defendant Kilgo told Inmate Tyson to "throw [a food] tray at [Plaintiff]." *See* Compl. at 12. This statement can be interpreted in any number of ways. In other words, Plaintiff's allegations do not permit the reasonable inference that Defendant Kilgo was directing or permitting Inmate Tyson to physically harm Plaintiff using the tray.

However, even had Defendant Kilgo directed or permitted Inmate Tyson to throw a food tray through the food flap of Plaintiff's cell, such that their brief exchange constitutes "an understanding" to physically harm Plaintiff, the conduct of which Plaintiff complains—having a tray thrown at him—does not amount to a constitutional violation. It is well settled that "the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (internal quotation marks omitted) (alteration in original). But not "every malevolent touch" by a prison official constitutes a malicious and sadistic use of force. *Id.* at 10. To establish a violation of the cruel-and-unusual-punishments-clause, a plaintiff must allege "more than ordinary lack of due

4

care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). *De minimis* uses of physical force, even those that are unnecessary, do not violate the Eighth Amendment provided the force is not "of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10 (internal quotation marks omitted) (quoting *Whitley*, 475 U.S. at 327). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* at 9 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Assuming Defendants acted in concert, Plaintiff alleges at most an unkind act, not a use of force that would be deemed "repugnant to the conscience of mankind." *See id.* at 10. Surely, throwing a tray at an inmate is unkind and unnecessary, but the facts alleged by Plaintiff do not permit the reasonable inference that the sole state actor—Defendant Kilgo—acted "maliciously and sadistically for the very purpose of causing harm." *See id.* at 6 (internal quotation marks omitted). *See also Smith v. Sec'y, Dep't of Corr.*, 524 F. App'x 511, 513-14 (11th Cir. 2013) (holding an officer did not use excessive force when he twisted the plaintiff's arm and pressed him against a wall, causing bruising); *McCall v. Crosthwait*, 336 F. App'x 871, 873 (11th Cir. 2009) (affirming summary judgment in favor of an officer where the evidence

5

showed the officer pushed the plaintiff into a steel door and plexiglass window, which resulted in a bruised elbow).[1]

Finally, to the extent Plaintiff implies Defendant Kilgo denied him medical care, Plaintiff does not allege a plausible deliberate indifference claim. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (setting forth the elements of a deliberate indifference claim, including that the prison official be subjectively aware that the plaintiff has a serious medical need but ignores that need). Plaintiff alleges he had "bruising," *see* Compl. at 5, which does not constitute a "serious medical need," *see Johnson*, 387 F.3d at 1351 ("[T]he medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." (internal quotation marks omitted) (alteration in original)). Even if bruising constitutes a serious medical need, however, Plaintiff does not allege Defendant Kilgo was subjectively aware of an injury that necessitated immediate medical attention and, with that knowledge, ignored Plaintiff's needs. *See* Compl. at 5, 12. Rather, Plaintiff alleges Defendant Kilgo did not "ask if [he] needed medical attention." *Id.* at 12. Plaintiff does not allege he told Defendant Kilgo he required medical treatment, but Defendant Kilgo denied his request or ignored him. *Id.* Because Plaintiff fails to state a plausible claim

---

[1] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

6

for relief against Defendants, his complaint is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of September 2023.

                BRIAN J. DAVIS
                United States District Judge

Jax-6
c:   Thorn A. Fulford